UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ABRAHAM YAACOV, | ) | CASE NO. 1:16 CV 2171 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | OPINION AND ORDER |
| GARY C. MOHR, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

*Pro se* Plaintiff Abraham Yaacov filed this action under 42 U.S.C. § 1983 against Ohio Department of Rehabilitation and Correction ("ODRC") Director Gary Mohr, ODRC Religious Services Administrator Mike Davis, Richland Correctional Institution ("RCI") Warden Margaret A. Bradshaw, RCI Deputy Warden of Special Services Tim Milligan, RCI Chaplain Scott Logan, Aramark Food Service ("Aramark") Manager Christie Wressell and RCI Business Administrator Cathy Mosier. In the Complaint, Plaintiff alleges RCI offers Jewish inmates a choice of either receiving Kosher meals, or vegan meals but does not offer Kosher vegan meals. He claims this violates his First Amendment right to freedom of religion, his Fourteenth Amendment right to equal protection, and his Eighth Amendment right to be free from cruel and unusual punishment. He seeks monetary and injunctive relief.

## I. BACKGROUND

Plaintiff states he is a Jewish inmate at RCI who observes kosher laws and dietary restrictions. He also claims he has been eating a vegan/vegetarian diet since 2008. Plaintiff contends that while the ODRC provides prepackaged kosher meals to inmates through food vendor Aramark, they do not offer prepackaged kosher vegan meals. He must choose between getting a prepackaged kosher meal, or eating the vegetarian meals off of the general population chow line. He contends he is forced to choose between practicing his religion and maintaining his dietary preferences. He also claims non-Jewish inmates are able to receive vegan meals and Jewish inmates who observe kosher laws should receive equal treatment. Finally, he claims that if he is forced to "eat around" the meat in his kosher meals, his protein and calorie intake will be insufficient and may cause health problems. He contends this is cruel and unusual punishment.

## II. LAW AND ANALYSIS

**Standard of Review**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when the Defendant is immune from suit or when the Plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when

the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

**First Amendment**

Plaintiff first claims that the failure to provide him with a kosher vegan diet violates his First Amendment Right to Freedom of Religion. Under the First Amendment, prisoners have the right to the free exercise of their religion. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). Plaintiff, however, is receiving kosher meals that do not violate his religion. While he may prefer to be served vegan entrees, rather than entrees containing meat, his food preferences, as a prisoner, are limited. *Robinson v. Jackson*, 615 F. App'x 310, 314 (6th Cir. 2015); *see also Rhodes v. Chapman*, 452 U.S. 337, 349 (1981) ("The Constitution does not mandate comfortable

prisons."). Prisoners have a constitutional right to be provided with meals that meet their nutritional needs and do not violate their sincerely-held religious beliefs. *Colvin v. Caruso*, 605 F.3d 282, 290 (6th Cir. 2010). There is no constitutional right, however, for each prisoner to be served the specific foods he desires. *See Spies v. Voinovich*, 173 F.3d 398, 406-07 (6th Cir. 1999) (holding that providing a Buddhist prisoner with a vegetarian diet but not a vegan diet was constitutionally permissible, and "the fact that Plaintiff dislikes the alternate diet available does not render it unreasonable or legally deficient."). Plaintiff's religion requires a kosher diet, and the prison is providing that to him. A vegetarian diet is also available to Plaintiff through the general population chow line, but it is not necessarily kosher. A vegan diet, however, is personal preference. Even though the kosher diet may contain food that Plaintiff does not like to eat, it is constitutionally sufficient.

**Fourteenth Amendment - Equal Protection**

Plaintiff also asserts that the denial of a vegan kosher diet is a violation of his Fourteenth Amendment right to equal protection. The Equal Protection Clause prohibits discrimination by government actors which either burdens a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated without any rational basis for the difference. *Rondigo, L.L.C. v. Township of Richmond*, 641 F.3d 673, 681-82 (6th Cir. 2011); *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 312 (6th Cir. 2005). A group of people are similarly-situated to Plaintiff when they are similar to him in all relevant respects. *Pierce v. Commonwealth Life Ins. Co.*, 40 F.3d 796, 802 (6th Cir. 1994); *Powers v. Collins*, No. 2:09 CV 501, 2011 WL 3652652, at *1 3 (S.D. Ohio Aug. 19, 2011). The threshold element of an equal protection claim is disparate treatment. *Scarbrough v. Morgan Cnty. Bd. of Educ.*,

470 F.3d 250, 260 (6th Cir. 2006). When disparate treatment is shown, the equal protection analysis is determined by the classification used by government decision-makers.

Here, Plaintiff has not shown disparate treatment. Although his argument on this issue is not well-defined, it appears he is asserting that non-Jewish inmates are provided with a vegan meal option, while Jewish inmates are not provided with kosher vegan meals. This is not disparate treatment. Non-Jewish inmates are provided the choice of a non-kosher vegan meal. Jewish inmates are provided the choice of a non-kosher vegan meal. Kosher vegan meals are not available to any inmate.

**Eighth Amendment**

Plaintiff contends prison officials are violating his Eighth Amendment rights by failing to provide him with kosher vegan meals. He claims if he is required to eat around the meat in his kosher meals, he may not receive a consistent balanced diet, which could have health consequences later in life. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). The Eighth Amendment protects inmates by requiring that "prison officials ... ensure that inmates receive adequate food, clothing, shelter, and medical care, and ... 'take reasonable measures to guarantee the safety of the inmates.' " *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)(quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). This, however, does not mandate that a prisoner be free from discomfort or inconvenience during his or her incarceration. *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). Prisoners are not entitled to unfettered access to the medical treatment of their

-5-

choice, s*ee Hudson v. McMillian*, 503 U.S. 1, 9 (1992), nor can they "expect the amenities, conveniences and services of a good hotel." *Harris v. Fleming,* 839 F.2d 1232, 1235 (7th Cir.1988); *see Thaddeus-X v. Blatter,*175 F.3d 378, 405 (6th Cir. 1999). In sum, the Eighth Amendment affords the constitutional minimum protection against conditions of confinement which constitute health threats, but does address those conditions which cause the prisoner to feel merely uncomfortable or which cause aggravation or annoyance. *Hudson*, 503 U.S. at 9-10 (requiring extreme or grave deprivation).

The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. A Plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. *Id.* Seriousness is measured in response to "contemporary standards of decency." *Hudson*, 503 U.S. at 8. Routine discomforts of prison life do not suffice. *Id.* Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id.* at 9. A Plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. *Id.* Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Liability cannot be predicated solely on negligence. *Id*. A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

In this case, Plaintiff's Complaint is not sufficiently serious to constitute cruel and unusual punishment. He is being provided with adequate food, both kosher and non-kosher.

Plaintiff wants the prison to provide him with vegan kosher food. At best, this is an inconvenience or annoyance. It does not offend contemporary standards of decency, nor does it involve the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987). Although it may be personally frustrating and inconvenient for the Plaintiff not to receive the meals he prefers, this does not rise to the level of a constitutional violation.

**Fourteenth Amendment - Substantive Due Process**

Finally, Plaintiff contends the failure to provide kosher vegan meals shocks the conscience, and violates his right to substantive due process. The Fourteenth Amendment provides that a state may not "deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV.) In addition to setting the procedural minimum for deprivations of life, liberty, or property, the Due Process Clause bars "certain government actions regardless of the fairness of the procedures used to implement them." *Daniels v. Williams*, 474 U.S. 327, 331 (1986). It does not prohibit every deprivation by the government of a person's life, liberty or property. *Harris v. City of Akron*, 20 F.3d 1396, 1401 (6th Cir. 1994). Only those deprivations which are conducted without due process are subject to suit under 42 U.S.C. § 1983. *Id*.

The Due Process Clause has a procedural component and a substantive one. The two components are distinct from each other because each has different objectives, and each imposes different constitutional limitations on government power. A procedural due process limitation, unlike its substantive counterpart, does not require that the government refrain from making a choice to infringe upon a person's life, liberty, or property interest. It simply requires that the government provide "due process" before making such a decision. *Howard v. Grinage*, 82 F.3d

1343, 1349 -1353 (6th Cir. 1996). The goal is to minimize the risk of erroneous deprivation, to assure fairness in the decision-making process, and to assure that the individual affected has a participatory role in the process. *Id*. Procedural due process requires that an individual be given the opportunity to be heard "in a meaningful manner." *See Loudermill v. Cleveland Bd. of Educ*., 721 F.2d 550, 563 (6th Cir. 1983). Procedural due process claims do not consider the egregiousness of the deprivation itself, but only question whether the process accorded prior to the deprivation was constitutionally sufficient. *Howard*, 82 F.3d at 1350. Although the existence of a protected liberty or property interest is the threshold determination, the focus of this inquiry centers on the process provided, rather than on the nature of the right.

Substantive due process, on the other hand, serves the goal of preventing "governmental power from being used for purposes of oppression," regardless of the fairness of the procedures used. *See Daniels v. Williams*, 474 U.S. 327, 331 (1986). Substantive due process serves as a vehicle to limit various aspects of potentially oppressive government action. *Id*. It serves as a check on legislation that infringes on fundamental rights otherwise not explicitly protected by the Bill of Rights; or as a check on official misconduct which infringes on a "fundamental right;" or as a limitation on official misconduct, which although not infringing on a fundamental right, is so literally "shocking to the conscience," as to rise to the level of a constitutional violation. *Howard*, 82 F.3d at 1349.

Here, Plaintiff contends the Defendants denied him substantive due process by failing to provide him with kosher vegan meals. This action neither infringes on a fundamental right, nor shocks the conscience. Furthermore, where a specific Amendment provides an explicit source of constitutional protection against a particular sort of governmental conduct, "that

Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims." *See Graham v. Connor*, 490 U.S. 386, 395 (1989). Plaintiff asserted a substantially similar claim under the Eighth Amendment, which was already considered by this Court. His substantive due process claim is duplicative of his Eighth Amendment claim.

### III. CONCLUSION

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

DATED: November 10, 2016

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.