IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ABRAHAM YAACOV, | ) Case No. 1:16-cv-2171 |
| | ) |
| Plaintiff, | ) JUDGE CHRISTOPHER A. BOYKO |
| | ) |
| v. | ) MAGISTRATE JUDGE |
| | ) THOMAS M. PARKER |
| GARY MOHR, ET AL., | ) |
| | ) |
| Defendant. | ) **REPORT & RECOMMENDATION** |
| | ) |

  Plaintiff Abraham Yaacov, an Ohio prisoner, sued the Ohio Department of Rehabilitation and Correction's ("ODRC") then-director, Gary Mohr, ODRC Religious Services Administrator Mike Davis, Richland Correctional Institution ("RCI") Warden Margaret A. Bradshaw, RCI Deputy Warden of Special Services Tim Milligan, RCI Chaplain Scott Logan, RCI Business Administrator Cathy Mosier, and Aramark Food Service Manager Christie Wressell after the prison food-service provider stopped providing him meatless kosher meals. On November 10, 2016, this Court found that the allegations in Yaacov's complaint were insufficient to state a claim under 42 U.S.C. § 1983 and dismissed Yaacov's complaint pursuant to 28 U.S.C. § 1915(e). ECF Doc. 6. The Sixth Circuit reversed in part, finding that the allegations in Yaacov's complaint were sufficient to state a *First Amendment* claim under § 1983 and a claim

under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc. ECF Doc. 10.[1]

Davis, Milligan, Mosier, and Logan (the "State Defendants")[2] now seek judgment on the pleadings. ECF Doc. 19. The State Defendants contend that *Leaman v. Ohio Dep't of Mental Retardation and Development Disabilities*, 825 F.2d 946 (6th Cir. 1987) (*en banc*), and the Ohio Court of Claims Act bar Yaacov's claims in this suit because he previously raised them before the Ohio Court of Claims. ECF Doc. 19 at 4. Yaacov responds that his claims are not barred under *Leaman* or the doctrine of *res judicata* because the Ohio Court of Claims never rendered a final decision on the merits, but instead dismissed his claims without prejudice for lack of jurisdiction. ECF Doc. 20 at 3-6. The State Defendants reply that Yaacov waived his claims merely by *filing* them in the Ohio Court of Claims and assert that whether he obtained a final judgment on the merits is irrelevant. ECF Doc. 21 at 2. Because the Ohio Court of Claims did not render a judgment on the merits for Yaacov's claims and because there is a material issue of fact regarding whether Yaacov's waiver – if one occurred at all – was "knowing, intelligent, and voluntary," I recommend that the Court DENY Defendants' motion for judgment on the pleadings.

**I. Facts**

Yaacov's pleadings allege the following facts.[3] Yaacov is a Jewish inmate at RCI. In accordance with his sincerely held religious beliefs, Yaacov's meals must be both kosher and

---

[1] The Sixth Circuit affirmed the dismissal of Yaacov's Eighth Amendment, equal-protection, and due-process claims, noting that Yaacov waived them by not raising on appeal any challenge to the dismissal of those claims. ECF Doc. 10 at 2, 4.
[2] State Defendants have asserted and Yaacov has not disputed that ORDC Director Mohr and Warden Bradshaw have not been served. ECF Doc. 19 at 1 n.1. Christie Wressell is not represented by the Ohio Attorney General's office because she is not a state employee. *Id.*
[3] The facts stated in Yaacov's pleadings are assumed true for purposes of the motion for judgment on the pleadings. *See Commercial Money Ctr., Inc, v. Illinois Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007).

meatless. ECF Doc. 1 at 1, 4-5. From 2008 to 2014, the ORDC accommodated his dietary requirements by providing vegetarian/vegan kosher meals. *Id.* at 4. In July 2014, the ORDC stopped providing meatless kosher meals, requiring Yaacov to choose between kosher meals with meat or non-kosher vegetarian meals. *Id.*

After Yaacov unsuccessfully tried to resolve his claims through the ODRC grievance process, he filed a complaint in the Ohio Court of Claims. *See* ECF Doc. 1 at 4; ECF Doc. 19 at 3; Docket for *Yaacov v. Dep't of Rehab. & Corr.*, Ohio Court of Claims Case No. 2015-00015JD (Complaint filed January 9, 2015). The Ohio Court of Claims dismissed Yaacov's complaint for lack of jurisdiction. Docket for *Yaacov v. Dep't of Rehab. & Corr.*, Ohio Court of Claims Case No. 2015-00015JD (Entry of Dismissal on Apr. 13, 2015) (holding that the Ohio Court of Claims does not have subject-matter jurisdiction over a prisoner's constitutional claims under 42 U.S.C. § 1983).

## II.  Law and Analysis

### A.  Judgment on the Pleadings Standard

"After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is reviewed under the same standard as a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Jackson v. Prof'l Radiology Inc.*, 864 F.3d 463, 465-66 (6th Cir. 2017). The Court must "construe the complaint in the light most favorable to the nonmoving party, accept the well-[pleaded] factual allegations as true, and determine whether the moving party is entitled to judgment as a matter of law. *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007). "[A] court may consider exhibits attached to the complaint, public records, items appearing in the record of the case, and exhibits attached to a defendant's motion

3

to dismiss, so long as they are referred to in the complaint and are central to the claims contained therein." *Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016). A Rule 12(c) motion "is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991).

      **B.**     *Leaman* **and the Ohio Court of Claims Act**

The Ohio Court of Claims Act provides that "filing a civil action in the court of claims results in a *complete waiver of any cause of action*, based on the same act or omission, that the filing party has against any officer or employee." Ohio Rev. Code § 2743.02(A)(1) (emphasis added). In *Leaman*, the Sixth Circuit determined that this language was "patently unambiguous" and "clearly provided for waiver of federal causes of action." 825 F.2d at 952 & n.2 (specifically rejecting the argument that "no meritorious § 1983 claim should ever be subject to the waiver"). The court noted, however, that the waiver had two limits: (1) the waiver is void if the Ohio Court of Claims determines that the individual defendants acted outside the scope of their employment or maliciously; and (2) the waiver must be "knowing, intelligent, and voluntary." *Id.* at 952-53, 956. In *Leaman*, the Ohio Court of Claims did not make a requisite finding to avoid the waiver. *Id.* at 952. Further, the Sixth Circuit upheld the district court's finding that the plaintiff's decision to file her claims in the Ohio Court of Claims was a "knowing, intelligent, and voluntary" waiver because she was represented by counsel, whom was presumed to have made a strategic choice with knowledge of the consequences. *Id.* at 956.

Although not explicitly announcing a third exception to the Ohio Court of Claims Act waiver, the *Leaman* court's reasoning "implied . . . that a waiver occurs only if the plaintiff has pursued an Ohio Court of Claims case to the point of a judgment on the merits." *Tweed v.*

4

*Wilkinson*, No. 97-3661, 1998 U.S. App. LEXIS 8535 at *4 (6th Cir. Apr. 29, 1998) (unpublished). The *Leaman* decision rested upon the conclusion that § 2743.02(A)(1) presented prospective plaintiffs with a reasonable choice. 825 F.2d at 955. To explain why the choice was reasonable, the court analogized the Ohio Court of Claims Act to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2676. *Id.* The court specifically noted that, under the FTCA, "one who pursues his statutory remedies against the United States *to the point of judgment* — even an adverse judgment or a judgment for only a small part of the amount claimed — bars himself from any recovery against federal employees." *Id.* (emphasis added). A plaintiff could choose between suing the government or suing its employees, and the court stated that the choice to forego claims against government employees to instead pursue claims to the point of judgment against a government with "deep pockets" is reasonable. *Id.* at 955-56.

Yaacov's claims are not barred under *Leaman* or the Ohio Court of Claims Act. Here, Yaacov is correct that the Ohio Court of Claims' decision to dismiss his claims without prejudice for lack of subject-matter jurisdiction precluded him from obtaining a judgment on the merits in the Ohio Court of Claims. In the absence of such a judgment, the Ohio Court of Claims Act waiver is ineffective and does not bar Yaacov from pursuing his claims in federal court. *Tweed*, 1998 U.S. App. LEXIS 8535 at *4; *Leaman*, 825 F.2d at 955. Further, because the Ohio Court of Claims did not have subject-matter jurisdiction over his claims, Yaacov never had the actual ability to make a choice between pursuing his claims in the Ohio Court of Claims or in federal court. To hold that Yaacov has waived his claims in this matter would not be enforcing the type of "reasonable choice" that *Leaman* contemplated. *See* 825 F.2d at 955.

Moreover, the State Defendants' argument that Yaacov cannot assert that he did not understand his Ohio Court of Claims filing waived the claims in his complaint is unavailing.

5

Yaacov's waiver must be "knowing, intelligent, and voluntary." *Leaman*, 825 F.2d at 956. Yaacov is proceeding *pro se*, so "there can be no presumptive finding that he knowingly, intelligently, and voluntarily waived his [claims]." *Kajfasz v. Haviland*, 55 F. App'x 719, 722 (6th Cir. 2003). Instead, dismissal requires the factual finding that waiver was proper. *Id.* (remanding for factual determination of the waiver's validity). At this stage, it is too early to make such a factual finding and judgment on the pleadings, therefore, would be premature.

## III. Recommendation

Because the Ohio Court of Claims did not render a judgment on the merits for Yaacov's claims and because there is a material issue of fact regarding whether Yaacov's waiver – if one occurred at all – was "knowing, intelligent, and voluntary," I recommend that the Court DENY Defendants' motion for judgment on the pleadings.

Dated: August 22, 2019

Thomas M. Parker
United States Magistrate Judge

_____

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).