**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ABRAHAM YAACOV,** | ) | **CASE NO. 1:16CV2171** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **vs.** | ) | <u>**OPINION AND ORDER**</u> |
| | ) | |
| **GARY MOHR, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

<u>**CHRISTOPHER A. BOYKO, J.**</u>:

This matter comes before the Court upon the Magistrate Judge's Report and

Recommendation (ECF DKT #22), recommending denying the State Defendants' Motion

(ECF DKT #19) for Judgment on the Pleadings. For the following reasons, the Court adopts

the Report and Recommendation in part and DENIES Defendants' Motion for Judgment on

the Pleadings.

<u>**I. BACKGROUND**</u>

Plaintiff Abraham Yaacov is an Ohio prisoner proceeding *pro se* with a civil suit

under 42 U.S.C. § 1983. In accordance with his sincerely held religious beliefs, Plaintiff's

meals must be both kosher and vegetarian.  Between 2008 and 2014, the Ohio Department of Rehabilitation and Correction ("ODRC") provided Plaintiff with vegetarian/vegan kosher meals.  Beginning September 2014, when ODRC outsourced food services to a vendor, Aramark, Plaintiff alleges that he was denied meatless kosher meals and was required to choose between kosher meals with meat or non-kosher vegetarian meals.

After Plaintiff unsuccessfully grieved the matter internally, he filed a Complaint in the Ohio Court of Claims on January 9, 2015.  On April 13, 2015, the Ohio Court of Claims dismissed Plaintiff's Complaint for lack of jurisdiction.

On August 29, 2016, Plaintiff commenced the instant § 1983 action against Gary Mohr, ODRC's Director; Mike Davis, ODRC's Religious Services Administrator; Margaret Bradshaw, Warden of Special Services at Richland Correctional Institution ("RCI"); Tim Milligan, Deputy Warden of Special Services at RCI; Scott D. Logan, Chaplain at RCI; Christie Wressell, Aramark Food Service Manager at RCI; and Cathy Mosier, Business Administrator at RCI.

On November 10, 2016, the Court found that the allegations in Plaintiff's Complaint were insufficient to state a claim under 42 U.S.C. § 1983 and dismissed the Complaint pursuant to 28 U.S.C. § 1915(e).

On appeal, the Sixth Circuit vacated the District Court's judgment in part and remanded the case for further proceedings on Plaintiff's First Amendment and Religious Land Use and Institutionalized Persons Act ("RLUIPA") claims.

On June 14, 2019, Defendants Davis, Milligan, Mosier and Logan ("State Defendants") filed their Motion for Judgment on the Pleadings.  The State Defendants argue

that *Leaman v. Ohio Dep't of Mental Retardation and Development Disabilities*, 825 F.2d

946 (6th Cir. 1987) and the Ohio Court of Claims Act (R.C. § 2743.02(A)) bar Plaintiff's

claims in this suit because he raised them earlier before the Ohio Court of Claims.  Plaintiff

counters that his claims are not waived because the Ohio Court of Claims did not render a

final decision on the merits, but rather dismissed the claims without prejudice for lack of

jurisdiction.

The Magistrate Judge recommends denying the Motion for Judgment on the Pleadings

because the Court of Claims did not render a judgment on the merits and because there is a

material issue of fact whether Plaintiff's waiver - if at all - was "knowing, intelligent and

voluntary."  The State Defendants filed their timely Objections (ECF DKT #23).

## II. LAW AND ANALYSIS

### Standard of Review for Magistrate Judge's Decision

When a court reviews a magistrate judge's report and recommendation, it makes a *de

novo* determination regarding the portions to which an objection is made.  28 U.S.C.

§ 636(b)(1).  Title 28 U.S.C. § 636(b)(1) further provides, "[w]ithin fourteen days after being

served with a copy, any party may serve and file written objections to such proposed findings

and recommendations."  "A party may respond to another party's objections within fourteen

days after being served."  Fed. R. Civ. P. 72(b)(2).  After this process, a "judge . . . may

accept, reject, or modify, in whole or in part, the findings or recommendations made by the

magistrate."  *Id.*

Fed R. Civ. P. 72(b)(2) states that objections must be "specific written objections to

the proposed findings and recommendations."  A judge need not address or take action

regarding any issues that are not the subject of an objection. *See, e.g., Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also McClanahan v. Commissioner of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006). General objections "do not satisfy the objection requirement" of Rule 72(b) and 28 U.S.C. § 636(b) and need not be reviewed. *U.S. v. Robinson*, 352 F.App'x. 27, 29 (6th Cir. 2009); *see also Thomas*, 474 U.S. at 149-50. Objections which "simply identif[y] the discrete claims for which the Magistrate Judge's recommendation were adverse to [Plaintiff] and then urg[e] that they instead be resolved in his favor" or which "fail to specify the findings . . . believed [to be] in error," do not satisfy the objection requirement of Rule 72(b) or U.S.C. § 636(b). *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) (internal citations omitted).

**Motion for Judgment on the Pleadings**

After the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings. Fed.R.Civ.P. 12(c). In this jurisdiction, "[t]he standard of review for a judgment on the pleadings is the same as that for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) . . . We 'construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle relief.'" *Roger Miller Music, Inc. v. Sony/ATV Publishing, LLC,* 477 F.3d 383, 389 (6th Cir. 2007) (citations omitted). The pleading does not have to demonstrate probability; rather, "just enough factual information to create an expectation that discovery will uncover evidence supporting the claim." *Haber v. Rabin*, No. 1:16CV546, 2016 WL 3217869, at *3 (N.D.Ohio Jun.10, 2016), citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 556

(2007).

The court's decision "rests primarily upon the allegations of the complaint;" however, "exhibits attached to the complaint[] also may be taken into account." *Barany-Snyder v Weiner,* 539 F.3d 327, 332 (6th Cir. 2008) (citation omitted) (brackets in the original).

The court need not accept as true legal conclusions or unwarranted factual inferences. *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 405 (6th Cir. 1998). The complaint must state a plausible claim for relief. "Plausibility is a context-specific inquiry, and the allegations in the complaint must 'permit the court to infer more than the mere possibility of misconduct,' namely, that the pleader has 'show[n]' entitlement to relief." *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011). Dismissal is warranted if the complaint lacks an allegation as to a necessary element of the claim raised. *Craighead v. E.F. Hutton & Co.*, 899 F.2d 485 (6th Cir. 1990).

Lastly, a Rule 12(c) motion "is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991).

**Applicability of Waiver**

R.C. § 2743.02(A) provides in part as follows:

> Except in the case of a civil action filed by the state, filing a civil action in the court of claims results in a complete waiver of any cause of action, based on the same act or omission, which the filing party has against any officer or employee as defined in section 109.36 of the Revised Code.

The Magistrate Judge determined that the waiver does not bar Plaintiff's claims in District Court because the *Leaman* panel "implied . . . that a waiver occurs only if the plaintiff has pursued an Ohio Court of Claims case to the point of a judgment on the merits." *Tweed* v.

*Wilkinson*, No. 97-3661, 1998 U.S. App. LEXIS 8535 at *4 (6th Cir. Apr. 29, 1998) (unpublished). In the instant situation, the Magistrate Judge points out that the Ohio Court of Claims dismissed Plaintiff's Complaint without prejudice for lack of jurisdiction, clearly not reaching the merits.

The Magistrate Judge's view is understandable and has been considered by subsequent Sixth Circuit jurists. *See Wrinn v. Johnson*, No. 3:06CV2188, 2007 WL 2331932 (N.D.Ohio Aug. 13, 2007). Nevertheless, *Leaman* explicitly found that a plaintiff waives the right to sue state officials for money damages in federal court by ***filing*** a related action in the Court of Claims. Moreover, *Turker v. Ohio Dept. of Rehabilitation and Corrections*, 157 F.3d 453, 458 (1998), a reported decision issued a few months after *Tweed*, held that the courts in this Circuit are bound by *Leaman* unless and until the United States Supreme Court requires modification of the decision or the Sixth Circuit Court of Appeals sitting *en banc* overrules its prior decision.

The Magistrate Judge's second determination that there is a material issue of fact regarding Plaintiff's waiver is more compelling in light of recent decisions.

In *Jones v Ohio*, No. 1:19CV1913, 2020 WL 264264, at *2 (N.D.Ohio Jan. 17, 2020), the district court cited *Leaman* and noted that filing an action against the state waives remaining claims in federal court if the waiver was "knowing, intelligent, and voluntary." However, the *Jones* court cautioned that when a plaintiff is proceeding *pro se*, the court cannot presume, but must make factual findings that a plaintiff knowingly, intelligently and voluntarily waived his right to sue in federal court by filing in the Ohio Court of Claims. *Jones, id.*, citing *Kaifasz v. Haviland*, 55 F.App'x 719, 722 (6th Cir. 2003). Some factors to

-6-

consider would be the *pro se* plaintiff's prior litigation experience, the coherency of his filings and whether the litigant referred to the waiver provision in any filings. *Jones, id.*; *Troche v. Crabtree*, 2014 WL 2211012 at *3 (S.D.Ohio May 28, 2014).

In *Khatri v. Ohio State University*, No. 5:18CV2962, 2020 WL 534023 at *5 (N.D.Ohio Jan. 17, 2020), the district court referenced *Leaman* and *Kaifasz* and opined that the court ***must make a factual determination*** based upon the record that a *pro se* plaintiff knowing, intelligently and voluntarily waived his § 1983 claim by filing in the Ohio Court of Claims. *Khatri, id.* (Emphasis added).

Lastly, in *Klein v. Livingston County*, No. 10CV12361, 2011 WL 13217080 at *5 (E.D.Mich. Apr. 6, 2011), the district court refused to simply presume that a *pro se* plaintiff knowingly, voluntarily and intelligently waived his § 1983 claims, but rather expressed the need for sufficient factual development. *Klein, id.*

Thus, although the State Defendants provided a chart of Plaintiff's various lawsuits, the Court in the instant matter agrees with the Magistrate Judge that it is too early at the judgment on the pleadings stage to make the required factual finding that Plaintiff knowingly, intelligently and voluntarily waived his federal claims by filing before the Ohio Court of Claims.

### III. CONCLUSION

Upon *de novo* review, the Court is unable to find that no material issue of fact exists. Indeed, the determination of whether Plaintiff's waiver, if any, was knowing, intelligent and voluntary likely requires additional briefing or a hearing.

Therefore, the Court adopts in part the Magistrate Judge's Report and

Recommendation (ECF DKT #22) and DENIES Defendants' Motion (ECF DKT #19) for

Judgment on the Pleadings due to the material factual issue regarding the nature of Plaintiff

Abraham Yaacov's waiver.


    **IT IS SO ORDERED.**

    **DATE: February 25, 2020**


      **s/Christopher A. Boyko**
      **CHRISTOPHER A. BOYKO**
      **Senior United States District Judge**