**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**


**ABRAHAM YAACOV,**                      )        **CASE NO. 1:16CV2171**
                                          )
              **Plaintiff,**              )        **SENIOR JUDGE**
                                          )        **CHRISTOPHER A. BOYKO**
       **vs.**                            )
                                          )        **OPINION AND ORDER**
**GARY MOHR, et al.,**                    )
                                          )
              **Defendants.**             )


**CHRISTOPHER A. BOYKO, SR. J.**:

        This matter comes before the Court upon the Magistrate Judge's Report and

Recommendation (ECF DKT #66) recommending that:  (1) the Court grant the Motion (ECF

DKT #58) for Summary Judgment of Defendants Religious Services Administrator Mike

Davis, Richland Correctional Institution ("RCI") Deputy Warden of Special Services Tim

Milligan, RCI Chaplain Scott Logan and RCI Business Administrator Cathy Mosier;

(2) dismiss Plaintiff's Complaint against the Ohio Department of Rehabilitation and

Correction ("ODRC") former Director Gary Mohr and former RCI Warden Margaret

Bradshaw pursuant to Fed.R.Civ.P. 4(m); and (3) dismiss Plaintiff's Complaint against

Aramark Food Service Manager Christie Wressell for failure to state a claim under 28 U.S.C.

§ 1915(e)(2)(B).

For the following reasons, the Court adopts the Magistrate Judge's Report and Recommendation.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The following is a factual and procedural synopsis of the above-captioned case.  The Magistrate Judge's Report and Recommendation, adopted and incorporated herein, provides a more detailed discussion.

Plaintiff Abraham Yaacov is an Ohio prisoner proceeding *pro se* with a civil suit under 42 U.S.C. § 1983.  According to his sincerely held religious beliefs, Plaintiff alleges that his meals must be both kosher and vegetarian.  Between 2008 and 2014, while Plaintiff was incarcerated at RCI, the ODRC allegedly provided him with vegetarian/vegan kosher meals.  Beginning in September of 2014, when the ODRC outsourced food services to a vendor, Aramark, Plaintiff alleges that he was denied meatless kosher meals and was required to choose between kosher meals with meat or non-kosher vegetarian meals.  He contends that he has been forced to eat nutritionally deficient meals in order to comply with his religious beliefs.

After Plaintiff unsuccessfully grieved the matter internally, he filed a Complaint in the Ohio Court of Claims on January 9, 2015.  On April 13, 2015, the Ohio Court of Claims dismissed Plaintiff's Complaint for lack of jurisdiction.

On August 29, 2016, Plaintiff commenced the instant § 1983 action against all Defendants in their individual and official capacities for violations of his statutory and constitutional rights, including his rights under the First Amendment and under the Religious

-2-

Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc.

The Court granted Plaintiff leave to proceed *in forma pauperis*. However, on November 10, 2016, the Court found that the allegations in Plaintiff's Complaint were insufficient to state a claim under 42 U.S.C. § 1983 and dismissed the Complaint pursuant to 28 U.S.C. § 1915(e).

On appeal, the Sixth Circuit vacated the District Court's judgment in part and remanded the case for further proceedings on Plaintiff's First Amendment and RLUIPA claims.

Service of process was attempted via FedEx by the United States Marshals Service on May 14, 2019. Defendants Davis, Milligan, Mosier and Logan ("State Defendants") and Defendant Wressell were served with process. Service upon Defendants Mohr and Bradshaw was accepted in error by the ODRC mailroom personnel and the ODRC returned those summonses on June 7 and June 10, 2019 to the United States Marshal as unexecuted.

On June 7, 2019, the State Defendants filed an Answer (ECF DKT #16). In a footnote, the State Defendants reiterated that service on Defendants Mohr and Bradshaw was returned unexecuted. Thus, the Answer would not constitute a waiver of service on those parties nor would it waive any defenses available to them in this action. Additionally, the State Defendants' footnote clarified that Defendant Wressell is not a state employee and cannot be represented by the Ohio Attorney General's Office. Again, the Answer would not serve as a waiver.

On June 14, 2019, the State Defendants filed their Motion for Judgment on the Pleadings. The State Defendants argued that *Leaman v. Ohio Dep't of Mental Retardation*

-3-

*and Development Disabilities*, 825 F.2d 946 (6th Cir. 1987) and the Ohio Court of Claims Act (R.C. § 2743.02(A)) barred Plaintiff's claims in this suit because he raised them previously before the Ohio Court of Claims.  Plaintiff countered that his claims are not waived because the Ohio Court of Claims did not render a final decision on the merits, but rather dismissed the claims without prejudice for lack of jurisdiction.  The Court ultimately denied the State Defendants' Motion and ruled that it was premature at the judgment on the pleadings stage to make the required factual finding that Plaintiff knowingly, intelligently and voluntarily waived his federal claims by filing a case before the Ohio Court of Claims.  (ECF DKT #25).

In the Motion now at issue, the State Defendants seek summary judgment in their favor.  They argue that Plaintiff's First Amendment and RLUIPA claims are barred by res judicata, based on his prior case of *Yaacov v. Collins*, 649 F. Supp. 2d 679 (N.D. Ohio Jul. 31, 2009) as well as the *Leaman* doctrine and the Ohio Court of Claims Act.  Alternatively, they assert that Plaintiff has no constitutional right to a meatless kosher diet because:  (1) he has not established that the State Defendants were personally responsible for his alleged deprivation; (2) his asserted religious belief requiring meatless kosher meals is not sincerely held, as he never received meatless kosher meals; and (3) he has not established that his belief is substantially burdened by the prison's actions.  The State Defendants further contend that they are entitled to qualified immunity on Plaintiff's damages claims and that monetary damages claims against them in their individual capacities are not cognizable under RLUIPA.

Plaintiff responds that his prior cases were either dismissed for lack of jurisdiction or related to different prison policies; and thus, are not a basis for barring the instant suit.  He contends that there is a genuine issue of material fact as to whether he previously ate meatless

-4-

kosher meals, whether his beliefs are sincerely held and whether those beliefs are substantially burdened by the lack of a compliant diet since he is forced to choose between eating non-kosher meals or eating nutritionally deficient kosher meals.  Plaintiff acknowledges that RLUIPA does not permit monetary damages but asserts that they are still available on his First Amendment claim.  Lastly, Plaintiff argues that the State Defendants are not entitled to qualified immunity.

The State Defendants' Reply focuses on how Plaintiff's personal choice to eat meatless kosher meals is not a sincerely held belief.  Plaintiff reiterates his prior arguments in his Sur-reply.

On September 13, 2021, and following the parties' dispositive motion briefing, the Magistrate Judge directed Plaintiff to show cause why Defendants Mohr and Bradshaw should not be dismissed under Fed.R.Civ.P. 4(m) for lack of timely service.  Service was authorized on May 14, 2019 to Plaintiff who is proceeding *in forma pauperis*, but has yet to be perfected. In response, Plaintiff contends that Fed.R.Civ.P. 25(d) provides for the automatic substitution of individuals filling the roles of those officials (Mohr and Bradshaw) sued in their official capacity.

Further, the Magistrate Judge notes that Defendant Wressell was served but has not answered or otherwise responded.  With regard to Defendant Wressell, the Magistrate Judge acknowledges the Court's obligation under 28 U.S.C. § 1915(e)(2)(B) to review all complaints that are filed *in forma pauperis*.  The Court is further required to dismiss *sua sponte* any such complaint that fails to state a plausible claim under the standards articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544

-5-

(2007).  *See Rhoades v. Kasich*, No. 1:17-CV-1558, 2018 U.S. Dist. LEXIS 4528, at *5 (N.D.

Ohio Jan. 9, 2018); *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (holding that the

dismissal standards articulated in *Iqbal* and *Twombly* govern dismissals under 28 U.S.C.

§1915(e)(2)(B)).

## II. LAW AND ANALYSIS

### Standard of Review

Pursuant to Fed.R.Civ.P. 72(b) and 28 U.S.C. § 636(b)(1)(c), the District Court shall

review de novo any finding or recommendation of the Magistrate's Report and

Recommendation to which specific objection is made. A party who fails to file an objection

waives the right to appeal.  *U.S. v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).  In *Thomas v.*

*Arn*, 474 U.S. 140, 150 (1985), the Supreme Court held: "[i]t does not appear that Congress

intended to require district court review of a magistrate judge's factual or legal conclusions,

under a de novo or any other standard, when neither party objects to those findings."

Local Rule 72.3(b) recites in pertinent part:

The District Judge to whom the case was assigned shall make a de novo
determination of those portions of the report or specified proposed findings or
recommendations to which objection is made and may accept, reject, or
modify, in whole or in part, the findings or recommendations made by the
Magistrate Judge.

Put another way, 28 U.S.C. § 636(b) and Local Rule 72.3 authorize the District Court

Judge to address objections by conducting a de novo review of relevant evidence in the record

before the Magistrate Judge.

The rules governing objections to magistrate judges' reports require parties to

specifically object to the problematic aspects of the report and recommendation.  See

28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2) & (b)(3); LR 72.3(b).  A party's failure to do so could result in the loss of appellate rights.  *Andres v. Comm'r of Soc. Sec.*, 733 F. App'x 241, 244 (6th Cir. Apr. 30, 2018).  Overly-generalized objections do not satisfy the specific-objection requirement.  *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) abrogated on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007).  Neither does the regurgitation of the same merit brief before the magistrate judge constitute a sufficient objection.  *Andres*, 733 F. App'x at 243.

### Fed.R.Civ.P. 56 Standard of Review

Summary judgment shall be granted only if  "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  *See* Fed.R.Civ.P. 56(a).  The burden is on the moving party to conclusively show no genuine issue of material fact exists.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Lansing Dairy. Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).  The moving party must either point to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials" or show "that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  *See* Fed.R.Civ.P. 56(c)(1)(A), (B).  A court considering a motion for summary judgment must view the facts and all inferences in the light most favorable to the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  Once the movant presents evidence to meet its burden, the nonmoving party may not rest on its pleadings, but must come forward with some significant

probative evidence to support its claim.  *Celotex*, 477 U.S. at 324; *Lansing Dairy*, 39 F.3d at 1347.

This Court does not have the responsibility to search the record *sua sponte* for genuine issues of material fact.  *Betkerur v. Aultman Hospital Ass 'n.*, 78 F.3d 1079, 1087 (6th Cir. 1996); *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 404-06 (6th Cir. 1992).  The burden falls upon the nonmoving party to "designate specific facts or evidence in dispute," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986); and if the nonmoving party fails to make the necessary showing on an element upon which it has the burden of proof, the moving party is entitled to summary judgment.  *Celotex*, 477 U.S. at 323.  Whether summary judgment is appropriate depends upon "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Amway Distributors Benefits Ass 'n v. Northfield Ins. Co.*, 323 F.3d 386, 390 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 251-52).

### ***Pro se* filings**

Filings by pro se litigants are liberally construed and held to less stringent standards than formal filings by lawyers.  *El Bey v. Roop*, 530 F.3d 407, 413 (6th Cir. 2008).  Principles of liberal construction are not without limits, however.  A court is not required to conjure allegations on a litigant's behalf.  *See Erwin v. Edwards*, 22 Fed. App'x. 579, 580 (6th Cir. 2001).

### **State Defendants' Motion for Summary Judgment**

In the Report and Recommendation, the Magistrate Judge finds that the State Defendants are not entitled to summary judgment on the basis of claim preclusion nor on the

grounds that Plaintiff knowingly, intelligently and voluntarily waived his right to file a federal complaint under the *Leaman* doctrine. Nevertheless, the Magistrate Judge recommends that judgment should be granted in favor of the State Defendants on Plaintiff's First Amendment and RLUIPA claims. The Court agrees and is not persuaded otherwise by Plaintiff's objections.

**Religious Free Exercise Claims**

The Free Exercise Clause of the First Amendment to the United States Constitution provides that "Congress shall make no law . . . prohibiting the free exercise [of religion]." U.S. Const. amend. I; *see also Cantwell v. Connecticut*, 310 U.S. 296, 303 (1940) (holding that the Fourteenth Amendment incorporates the First Amendment's protections against states). To state a claim under § 1983, a plaintiff must show the deprivation of a federal statutory or constitutional right that was caused by a person acting under color of state law. *Barber v. Overton*, 496 F.3d 449, 453 (6th Cir. 2007).

To reiterate, as the Supreme Court instructed in *Collins v City of Harker Heights, Texas*, 503 U.S. 115, 120-21 (1992): "Section 1983 provides a remedy against 'any person' who, under color of state law, deprives another of rights protected by the Constitution." To prevail, a plaintiff must demonstrate that a *specific* defendant's actions deprived him of one or more constitutional rights. *See Vos v. Cordray*, 719 F.Supp.2d 832, 839 (N.D. Ohio 2010). (Emphasis added).

RLUIPA provides that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution" unless the government establishes that the burden furthers "a compelling governmental interest" and does so by "the

least restrictive means."  42 U.S.C. § 2000cc-1(a).  *See also Cutter v.Wilkinson*, 544 U.S. 709, 715 (2005).

In order to establish liability under RLUIPA (as under Section 1983), a plaintiff must prove, among other things, the personal involvement of each defendant in the alleged violation.  "Under the RLUIPA,  plaintiff must show that the named defendants personally imposed a substantial burden on his free exercise of religion."  *Copenhaver v. Burnett*, No. CIV.A.07-CV-14376, 2008 WL 2741807, at *3 (E.D. Mich. July 11, 2008).

The State Defendants deny individual involvement in the alleged constitutional deprivation.  Plaintiff relies on his religious accommodation requests from 2006 and groups all the prison officials together in his allegations.  Plaintiff asks the Court to speculate that despite his incarceration in different facilities over different decades, the State Defendants actually caused the denial of his meatless diet.  Even construing the evidence in a light most favorable to him, Plaintiff has failed to show that the State Defendants actually imposed the purported unconstitutional policies or denied his grievances.

In his Objections (ECF DKT #69), Plaintiff states that the Magistrate Judge is in error on every point, but cites to no evidence in the record to support his First Amendment and RLUIPA claims.  Instead, Plaintiff poses questions:  "Whether any party is responsible to [sic] stopping a religious practice to plaintiff for his religious kosher vegan meals?" "Whether the Religious Service Administrators and Business Administrator are personal involvement [sic]?  And whether plaintiff established the person in the grievance process?" These are precisely the matters upon which Plaintiff is required to demonstrate a genuine issue of fact and they do not constitute legitimate objections for the Court's consideration

under 28 U.S.C. § 636(b) and Local Rule 72.3.

Therefore, the Court adopts the Magistrate Judge's recommendation and grants summary judgment in favor of the State Defendants and against Plaintiff on his religious exercise claims under the First Amendment to the United States Constitution and under RLUIPA for failure to demonstrate individual causation.

**Defendant Gary Mohr and Defendant Margaret Bradshaw and Lack of Service**

The ODRC returned the summonses addressed to Defendant Gary Mohr and Defendant Margaret Bradshaw on June 7 and June 10, 2019 to the United States Marshal as unexecuted.

The State Defendants' Answer filed on June 7, 2019 (ECF DKT #16) and their Motion for Judgment on the Pleadings filed June 14, 2019 (ECF DKT #19) note that service was not perfected on Defendants Mohr and Bradshaw. Both the pleading and the Motion were served upon Plaintiff by U.S. mail.

Pursuant to Fed.R.Civ.P. 4(m), if a defendant has not been served within 90 days of the complaint being filed, the court on its own after notice to plaintiff must dismiss the action without prejudice unless good cause is shown.

On September 13, 2021, the Magistrate Judge issued an order instructing Plaintiff to show cause why Defendants Mohr and Bradshaw should not be dismissed. Plaintiff responded that the State Defendants' counsel "seemingly manipulated" the process to hinder his attempted service. Moreover, Plaintiff argued that Fed.R.Civ.P. 25(d) provides for automatic substitution of the current holders of those Defendants' official positions.

In the Report and Recommendation, the Magistrate Judge finds that "Rule 25(d)'s

-11-

substitution provision does not overcome improper service in the first place." (ECF DKT #66 at 20).

Fed.R.Civ.P. 25(d) provides in part:

(d) PUBLIC OFFICERS; DEATH OR SEPARATION FROM OFFICE. An action does not abate when a public officer *who is a party in an official capacity* dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. (Emphasis added).

In response to the Magistrate Judge's Show Cause Order, Plaintiff unjustifiably blames the State Defendants for interfering with his service efforts on Mohr and Bradshaw, offers no explanation why he did not attempt service again and does not request additional time to perfect service.

In his June 28, 2021 Opposition to the State Defendants' Motion for Summary Judgment, Plaintiff admits that Defendants Mohr and Bradshaw are not liable in their official capacity. (ECF DKT #60 at 1). Consequently, the operation of Fed.R.Civ.P. 25(d) is of no avail. Under Fed.R.Civ.P. 25(d), when a public official is succeeded in office, the successor is automatically substituted in for the previous official insofar as the complaint named the previous official in his official capacity. *See Kaminski v. Coulter*, 865 F.3d 339, 343 (6th Cir. 2017).

Additionally, the docket of this case is clear that Defendant Gary Mohr and Defendant Margaret Bradshaw were never served in their individual capacities.

Therefore, the Court adopts the Magistrate Judge's recommendation and holds that Plaintiff's claims against Defendants Mohr and Bradshaw are dismissed without prejudice.

**Aramark Food Service Manager Christie Wressell**

In the Report and Recommendation, the Magistrate Judge finds that Defendant

Christie Wressell, the Aramark Food Service Manager at RCI, did not answer the Complaint;

but that the Court is nonetheless required to review *pro se* Plaintiff's allegations under the

standards of 28 U.S.C. § 1915(e)(2)(B), *Twombly* and *Iqbal*.

Plaintiff's Complaint alleges that Defendant Wressell gave Plaintiff the "ultimatum"

that he would no longer be served meatless kosher meals and that it was her job to ensure that

Aramark's food services complied with prison policies.  (ECF DKT #1 at 4).  The Magistrate

Judge recommends dismissal of Plaintiff's claims against Defendant Wressell for failure to

state an adequate allegation that Defendant Wressell caused, or was personally involved in

causing, the deprivation of Plaintiff's constitutional right to free exercise of religion.

The Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e)

if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in

law or fact.  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196

(6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

A plaintiff is not required to include detailed factual allegations, but must provide

more than "an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S.

at 678.  A pleading that offers legal conclusions or a simple recitation of the elements of a

cause of action will not meet this pleading standard.  *Id.*

In his Objections, once again Plaintiff poses questions, calls for speculation and fails

to point to any probative evidence of his claim.  Plaintiff asks the finder of fact to suppose

that Defendant Wressell "jointly engaged with state officials in a prohibited action" and thus,

-13-

acted under the color of state law if she "willfully participated in the activity."  (ECF DKT #69 at 24).

Upon independent review of the record in this case, the Court holds that Defendant Wressell is not a governmental actor nor a person acting under color of state law who can be held liable for personally imposing the purported unconstitutional policies or denying Plaintiff's grievances.  The State Defendants recite in their Answer (ECF DKT #16): "Furthermore, since Christie Wressell, likewise named as a defendant, is not, nor has she been, a state employee, she cannot be represented by the Ohio Attorney General's Office." Plaintiff has provided nothing to counter this fact except for mere supposition.

Plaintiff lacks an arguable basis in law or fact to sustain his claim against Defendant Wressell for deprivation of his constitutional rights under the First Amendment or under RLUIPA.  Plaintiff's Complaint as against the Aramark Food Service Manager, Defendant Christie Wressell, is dismissed.

### III. CONCLUSION

For these reasons, the Court determines that Plaintiff's Objections are insufficient and unpersuasive.  Therefore, the Court adopts the Magistrate Judge's Report and Recommendation (ECF DKT #66) and (1) grants the Motion (ECF DKT #58) for Summary Judgment of Defendants Religious Services Administrator Mike Davis, Richland Correctional Institution ("RCI") Deputy Warden of Special Services Tim Milligan, RCI Chaplain Scott Logan and RCI Business Administrator Cathy Mosier; (2) dismisses without prejudice Plaintiff's Complaint against the Ohio Department of Rehabilitation and Correction ("ODRC") former Director Gary Mohr and former RCI Warden Margaret Bradshaw pursuant

to Fed.R.Civ.P. 4(m); and (3) dismisses Plaintiff's Complaint against Aramark Food Service

Manager Christie Wressell for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B) and

under the standards set forth in *Twombly* and *Iqbal*.

**IT IS SO ORDERED.**

**DATE: February 24, 2022**

 **s/Christopher A. Boyko**
**CHRISTOPHER A. BOYKO**
**Senior United States District Judge**

-15-